IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02593-MEH

THERESA M. HILL, Surviving Spouse and
Executrix of the Estate of Donald E. Hill, Dec.,
and as Mother and Next Friend of Christopher E.
Hill, Decedent's Surviving Minor Child,

        Plaintiff,

v.

UNITED AIRLINES, INC.

        Defendant.

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the Parties' "Joint Motion for Entry of Confidentiality Agreement and Stipulated Protective Order." The Court, having reviewed the Motion and being fully apprised in the premises, finds that the Motion is meritorious and acceptable, and hereby orders that the terms and conditions of this Confidentiality Agreement and Stipulated Protective Order ("Protective Order") be ENTERED as follows:

    1.    <u>Preface</u>: In this action, at least one of the "Parties" (as defined below) has sought and/or is seeking "Confidential Information" (as defined below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions, at hearings, or at trial. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests or result in a

violation of state and federal privacy laws. As such, the Parties have agreed to the terms of and request the Court enter the following Protective Order for the purpose of preventing the improper and otherwise harmful disclosure and use of Confidential Information except as set forth herein. The Court hereby grants the request, having found good cause for same, and enters the following terms as an order of the Court under Federal Rule of Civil Procedure 26(c).

2. <u>General Scope</u>: This Protective Order shall apply to all documents and other protectable information containing or designated as containing Confidential Information as defined below, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition, hearing, or trial testimony, and any other information produced or disclosed pursuant to the disclosure or discovery obligations posed or created by the Federal Rules of Civil Procedure in the above-captioned litigation. Access to any such materials will be limited to "Authorized Persons" as set forth below.

3. <u>Definition of Confidential Information</u>: "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - containing confidential personal and business information, including but not limited to medical information, sensitive business or personal financial information, trade secrets, customer lists, proprietary information, employment and personnel records, personally identifying information, and/or other material of a sensitive nature, information that a party is legally obligated to preserve as confidential under applicable state or federal privacy laws, or any other information or items that are entitled to confidential treatment under applicable law. It does not include information that has been voluntarily disclosed in the public domain.

4. <u>Designation Procedures</u>: Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, during a deposition, at a court hearing, or at trial, it may be designated as being within the scope of this order in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and/or

    c. With respect to transcribed testimony (including depositions or court transcripts and any exhibits relating thereto), either by making a specific designation on the record prior to or during the testimony to be designated or, alternatively, by giving written notice to opposing counsel designating such portions as "Confidential" by page and line number no later than thirty (30) calendar days after receipt of the transcribed testimony; provided, however, that until such time has elapsed, the entirety of the transcribed testimony will be deemed confidential.

5. <u>Inadvertent Non-Designation or Production</u>: In the event that a Party to this litigation inadvertently fails to designate material as confidential, that Party may make such a designation later by notifying all Parties to whom such material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated material as confidential. Similarly, inadvertent production by any Party of a document containing attorney-client communications, attorney work product, other privileged information, confidential information, trade secrets or proprietary information shall

not constitute a waiver of privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon its request.

      6.    <u>Restrictions on Use</u>: All Confidential Information provided by a Party in response to a discovery request or in the form of transcribed testimony shall be subject to the following restrictions:

      a.    Confidential Information (including any copies or summaries thereof) shall be used only for the purpose of the above-captioned litigation and not for any business or other purpose whatsoever;

      b.    Confidential Information shall not be communicated or disclosed to anyone except other than to "Authorized Persons" as defined below, and all such persons shall be bound by all terms of this Protective Order as if a party to this lawsuit;

      c.    Confidential Information shall not be communicated or disclosed to anyone falling into the category of "Conflicts of Interest" as defined below under any circumstances;

      d.    Individuals authorized to review or receive Confidential Information pursuant to this Protective Order shall hold said Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, in response to any third-party request or to any government agency or court, except as provided herein; and

      e.    Nothing in this Protective Order shall prevent the Parties from using information or documents produced by a producing party pursuant to this Protective

Order during mediation, arbitration, deposition, trial or any other proceeding in this litigation.

7.  <u>Authorized Persons</u>: The Parties (or attorneys for either) in the above-captioned litigation may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

    a.  The "Parties" to the above-captioned litigation (collectively or individually), including Plaintiff Theresa M. Hill and Defendant United Airlines, Inc.;

    b.  Counsel advising the Parties and members of their legal or support staffs;

    c.  Consultants, investigators, experts and their staff retained by the Parties or their attorneys in connection with this litigation;

    d.  Non-parties specifically retained in connection with this action to assist in photocopying, imaging, database development, graphics, or design services;

    e.  The Court and Court personnel, including stenographic reporters engaged in any Court or judicial proceedings as are necessary incident to the preparation or trial of this litigation; and

    f.  Such other persons as the parties to this Protective Order shall agree to in writing or the Court shall determine.

8.  <u>Conflicts of Interest</u>: Confidential Information (including copies, descriptions or disclosures of the contents thereof) shall not, under any circumstances, be provided to any person or entity who has a conflict of interest with one or more of the Parties, which includes:

   a. Any competitor of the producing Party or any known agent, consultant or affiliate thereof, or any attorney, if a Party knows that that person is employed by or expects to be employed by any competitor of the producing party;

   b. Any person or entity (or that person's or entity's attorney) that a Party knows or has reason to know has or may have any claim against the producing party or any of its affiliates.

   c. Subsections (a) and (b) of this paragraph shall not prevent the disclosure of documents to experts retained by a Party pursuant to section 7(c) above.

  9. <u>Counsel Duties and Obligations</u>: Counsel for the Parties shall be responsible for providing a copy of this Protective Order (including the Non-Disclosure Agreement represented by "Exhibit A" thereto) to each person who is to receive protected material pursuant to this Protective Order and must receive a signed copy of Exhibit A prior to disclosing any protected material to each such person. Counsel for the Party who discloses Confidential Information will also be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the Non-Disclosure Agreements signed by all recipients of Confidential Information. During the pendency of this litigation, counsel shall also retain custody of Confidential Information, and copies made therefrom.

  10. <u>Objections to Designation</u>: A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is

received, it shall be the obligation of the party designating the Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

11. <u>Use of Confidential Information in Court Proceedings</u>: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the Party seeking to file the documents under seal. Any motion requesting leave to restrict access shall comply with the requirements of D.C.COLO.LCivR 7.2.

12. <u>Third-Party Requests for Disclosure</u>: In the event that a Party or person who has received Confidential Information (a) is served with a request for production of documents or interrogatories in another action ("discovery requests"), (b) is served with a subpoena in another action, (c) is served with a demand in another action to which he/she/it is a party, or (d) is served

with any other legal process by one not a party to this litigation, seeking proprietary or Confidential Information, that Party or person shall give prompt written notice of such event to counsel of record for the producing party and shall object to its production. Upon receipt of written notice, the producing party shall advise the party that is to respond to the discovery requests, subpoena or demand of the producing party's position. Thereafter, the producing party shall assume responsibility for preserving and prosecuting any objection to the discovery requests, subpoena or demand. The Party served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or Confidential Information. Should the person or entity seeking access to the confidential or proprietary information take action to enforce such discovery requests, subpoena, demand, or other legal process, the Party so served shall set forth in his/her/its response the existence of the Protective Order. Nothing herein shall be construed as requiring the receiving party to challenge or appeal any order requiring production of proprietary or Confidential Information, or to subject himself/herself/itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

13. <u>No Presumption as to Authenticity, Admissibility, or Confidentiality</u>: By entering this Protective Order, the Court does not intend to create any presumption with regard to the authenticity, admissibility, or actual confidentiality of any material produced or disclosed pursuant to it, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute among the Parties as to the confidentiality of any specific material shall be resolved as provided herein.

14.     <u>Obligations Upon Termination of Litigation</u>:

a.     Parties: Within 120 days after final conclusion of all aspects of this litigation, Confidential Information and all copies of same (other than exhibits of record) shall be returned to the producing party's attorneys or, at the option of the producing party, destroyed. Each Party or Party's attorney shall furnish an affidavit certifying compliance herewith and shall deliver the same to counsel for the producing party not more than 120 days after final termination of this litigation.

b.     Experts: With the exception of experts who are retained but not identified to testify ("consulting experts"), the Parties shall provide the producing party with a copy of each signed Non-Disclosure Agreement (Exhibit A) within 30 days after final conclusion of all aspects of this litigation. Further, within said time, the receiving party shall also provide the producing party with an affidavit from each recipient of protected materials confirming that the recipient has not disseminated protected materials to anyone, that he/she has returned all protected materials to Plaintiff or the Defendants, and that he/she has not retained any copies of any protected materials. In instances where a Party has retained any consulting experts, the Party shall provide the producing party with a written statement within the time described above that the attorneys have received an affidavit from each consulting expert confirming that the consulting expert has not disseminated protected material to anyone, that he/she has returned all protected material to the attorneys for the Party, and that the consulting expert has not retained any copies of any protected material.

15.     Modification(s): Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.     Duration of Order: The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. This Protective Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the Parties filed with the Court.

Dated at Denver, Colorado, this 11th day of March, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED TO BY:

| *s/ Michael D. Rossi* | *s/ Kasey K. Johnson* |
|---|---|
| Michael D. Rossi | Mark T. Clouatre |
| Guarnieri & Secrest, P.L.L. | Kasey K. Johnson |
| 151 East Market St. | Wheeler Trigg O'Donnell LLP |
| P.O. Box 4270 | 370 Seventeenth Street, Suite 4500 |
| Warren, OH  44482 | Denver, CO  80202-5647 |
| Telephone:  330.393.1584 | Telephone:   303.244.1800 |
| Email:  mrossi@gsfirm.com | Facsimile:    303.244.1879 |
| | Email:   clouatre@wtotrial.com |
| |             kjohnson@wtotrial.com |

*Attorney for Plaintiff*                  *Attorneys for Defendant United Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-CV-02593-MEH

THERESA M. HILL, Surviving Spouse and
Executrix of the Estate of Donald E. Hill, Dec.,
and as Mother and Next Friend of Christopher E.
Hill, Decedent's Surviving Minor Child

        Plaintiff,

v.

UNITED AIRLINES, INC.

        Defendant.

---

## EXHIBIT A TO CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

---

    I, the undersigned, declare as follows:

    1.    I understand that the information and/or documents to be provided to me identified as confidential are subject to the Confidentiality Agreement and Stipulated Protective Order ("the Protective Order") in the above-captioned lawsuit, currently pending in the United States District Court for the District of Colorado (hereinafter "the Action") and constitute Confidential Information that is to be used only for the purpose of the Action. I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than the Action.

    2.    I have read the Protective Order entered in the Action and agree to be bound by its terms. I understand that I may not in any way disseminate any Confidential Information received by me in the course of the Action in any way not prescribed by the Protective Order.

3. I further understand that I must return all documents containing Confidential Information which have been provided to me or destroy such Confidential Information, together with any work product generated by me referencing, relying upon, or utilizing in any way such Confidential Information, upon demand by the counsel or party who furnished such Confidential Information to me.

3. I hereby submit to the jurisdiction of the Court, for the limited purpose of any proceeding to enforce the terms of the Protective Order. I understand that I may be subject to contempt for violation of the Protective Order if I violate the terms of this Declaration or the Protective Order.

4. My address is: _____.

5. My relationship to the Action and its parties is: _____

_____.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on the date below at _____ (City), _____(State).

Executed this ___ day of _____, 20__.

_____

2